**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————

No. 23-14136

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JONATHON FERNANDEZ-HERAK,

*Defendant-Appellant.*

————————————

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 4:22-cr-10024-DPG-1

————————————

————————————

No. 24-10951

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JONATHON FERNANDEZ-HERAK,

*Defendant-Appellant.*

————————————

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 4:22-cr-10024-DPG-1

————————————

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Jonathon Fernandez-Herak appeals his 120-month sentence for possession and distribution of child pornography, arguing that his below-guidelines sentence was substantively unreasonable. After careful review, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Fernandez-Herak distributed two videos of child pornography to an online forum titled "No Limit," which was created for pedophiles, like Fernandez-Herak, to view and share sexual images of minors. The videos that Fernandez-Herak distributed depicted minor male children engaging in sexual acts with adult males.

Law enforcement learned about Fernandez-Herak's distribution of the videos and executed a search warrant at his home. During the search, the officers seized three phones with 1,188 videos and 1,414 photographs of child pornography on them. Fernandez-Herak admitted the phones were his.

One of the videos found on his phone depicted a naked little girl getting brutally tortured, choked, beaten with a stick, and sexually abused for over forty-five minutes.  Another video depicted a three-year-old child in his car seat choking on an adult male's penis.  And another one depicted a little girl getting forcibly raped in the anus while sleeping.

A federal grand jury indicted Fernandez-Herak on three counts.  Count one was for possessing child pornography, in violation of 18 U.S.C. section 2252(a)(4)(B).  Count two was for receiving child pornography, in violation of 18 U.S.C. section 2252(a)(2).  And count three was for distributing child pornography, in violation of 18 U.S.C. section 2252(a)(2).  Fernandez-Herak pleaded guilty to counts one and three, and the government agreed to dismiss count two at sentencing.

Before sentencing, the probation office calculated the advisory guideline range.  To do that, the probation office started with a base offense level of twenty-two for possessing and distributing child pornography.  *See* U.S.S.G. § 2G2.2(a)(2).  Then, the probation office applied five enhancements because:  (1) the child pornography involved minors under the age of twelve, *see* U.S.S.G. section 2G2.2(b)(2); (2) he distributed the child pornography, *see* U.S.S.G. section 2G2.2(b)(3)(F); (3) the child pornography involved sadistic conduct or sexual exploitation of an infant or toddler, *see* U.S.S.G. section 2G2.2(b)(4); (4) the conduct involved a computer, U.S.S.G. section 2G2.2(b)(6); and (5) there were far more than six hundred images of child pornography involved, *see* U.S.S.G. section

2G2.2(b)(7)(D).  Those enhancements gave Fernandez-Herak a to-tal offense level of thirty-four.  With that offense level and a cate-gory one criminal history, the guideline range was 151 to 188 months.

Fernandez-Herak didn't object to the guideline range calcu-lations.  Instead, he argued that his sentence should be lower than the guideline range.  Specifically, he advocated for seventy-nine months' imprisonment because, according to a United States Sen-tencing Commission report, that was the average sentence for someone who commits a non-contact child pornography distribu-tion offense.

The district court sentenced him to 120 months' imprison-ment, thirty-one months below the low end of the guideline range. In coming to this sentence, the district court "considered the state-ments of the parties [and] the presentence report, which con-tain[ed] the advisory guidelines and the statutory factors" in 18 U.S.C. section 3553(a).  In weighing the factors, the district court agreed with Fernandez-Herak that varying downward from the ad-visory range was appropriate given that he had "no prior criminal history."  But the court declined to vary down any further because Fernandez-Herak actively distributed the child pornography, rather than merely possessed it, and the child pornography that he pos-sessed included some of the "most disturbing images" the district court had ever seen.  Fernandez-Herak objected to the substantive reasonableness of his sentence and now appeals.

## STANDARD OF REVIEW

"We review the substantive reasonableness of a sentence for an abuse of discretion." *United States v. Butler*, 39 F.4th 1349, 1354–55 (11th Cir. 2022) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

## DISCUSSION

Fernandez-Herak argues that his sentence was substantively unreasonable because the district court misapplied the section 3553(a) factors by failing to avoid a sentencing disparity between Fernandez-Herak and other similarly situated defendants who, on average, received a lower sentence than him. We disagree.

A "district court must impose a . . . substantively reasonable sentence." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (citation omitted). To do so, "the district court must consider all of the applicable [section] 3553(a) factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). But the district court need not weigh each factor equally as it has the broad discretion "to attach great weight to one factor over others." *Id.* (quotation omitted). Indeed, even if we would weigh the factors differently, we will not vacate a sentence on reasonableness grounds unless "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [section] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted). "[T]hat rarely happens" at all, *Rosales-Bruno*, 789 F.3d at 1256, much less where the defendant appeals from a

below-guidelines sentence. *Cf. United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) ("[W]hen the district court imposes a sentence within the advisory [g]uidelines range, we ordinarily will expect that choice to be a reasonable one." (quotation omitted)). So Fernandez-Herak bears the burden to show that his sentence was substantively unreasonable based on a misapplication of the factors. *See Rosales-Bruno*, 789 F.3d at 1256 (citation omitted).

He has failed to meet that burden here. The district court properly considered the section 3553(a) factors and came to a substantively reasonable sentence. The district court credited Fernandez-Herak's lack of criminal history in deciding to vary downward from the advisory guideline range, which was thirty-one months higher than the sentence imposed. *See* 18 U.S.C. § 3553(a)(1) (stating that "the history and characteristics of the defendant" is a factor for the district court to consider). But the district court declined to vary downward further because Fernandez-Herak played an active role in distributing child pornography and possessed some of the worst child pornography the district court had ever seen. On this record, the district court didn't err in failing to vary downward even further.

The district court considered the Sentencing Commission's report and found that Fernandez-Herak was entitled to a steeper sentence than the average because of the seriousness of his offenses, which included distributing, rather than merely possessing child pornography, and possessing especially heinous child pornography. *See* 18 U.S.C. § 3553(a)(2)(A) (stating that district courts must

consider "the seriousness of the offense" when imposing a sentence). In other words, the district court gave "greater weight" to the seriousness of Fernandez-Herak's offenses over other factors. *Rosales-Bruno*, 789 F.3d at 1254. The district court was well within its discretion to do so. *See United States v. Cubero*, 754 F.3d 888 (11th Cir. 2014) (concluding that a 151-month-imprisonment sentence for distributing and possessing child pornography was substantively reasonable because it was on the low-end of the guidelines range and because of the seriousness of the offenses supported the sentence).

**AFFIRMED.**